Susan Foley  SB 234319
LAW OFFICES OF SUSAN FOLEY
3242 Countryside Drive
San Mateo, CA  94403
Tel: (650) 345.2300
Fax: (650) 345.2302

Attorney for
ERIC RODRIGUEZ and
KIMBERLIN RODRIGUEZ
Plaintiffs

E-filing

ORIGINAL FILED
MAY - 1 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC RODRIGUEZ and
KIMBERLIN RODRIGUEZ,

        Plaintiffs,

vs.

SAN MATEO UNION HIGH SCHOOL DISTRICT,

        Defendant.

CASE NO. C 07 - 2360   JL

COMPLAINT  [20 U.S.C. § 1415]

NOW COMES Plaintiffs, ERIC RODRIGUEZ, (hereinafter referred to as "PLAINTIFF, ER" or "STUDENT") and PLAINTIFF, ER'S natural mother, KIMBERLIN RODRIGUEZ, (hereinafter referred to as "PLAINTIFF, KR" or collectively as "PLAINTIFFS",) for a complaint against Defendant SAN MATEO UNION HIGH SCHOOL DISTRICT, (*hereinafter* "DISTRICT") and alleges as follows:

/
/

COMPLAINT

## PRELIMINARY STATEMENT

1. This action is brought pursuant to Section 1415(i)(2)(A) of Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education Act (reauthorized July 1, 2005), (hereinafter "IDEA"). (20 U.S.C. §1415(i)(2)(A). *See generally* 20 U.S.C. §§ 1400, *et seq.*). In *STUDENT v. SAN MATEO UNION HIGH SCHOOL DISTRICT*, Case No. N2006070550 *hereinafter* "the underlying case"), before the Office of Administrative Hearings, Plaintiffs have been aggrieved by the Decision and Order dated February 8, 2007, by the Office of Administrative Hearings, received by Plaintiffs on or about February 8, 2007.

## JURISDICTION AND VENUE

2. This action arises under the laws of the United States, (*See* 20 U.S.C. §1415(i)(3)(A),) and the State of California (*See* Cal. Ed. Code § 56507(b) & (d).) Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367(a).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendants reside within the County of San Mateo, in the Northern District of California, and all of the events that are the subject of this complaint took place within the Northern District of California.

## PARTIES

4. PLAINTIFFS, ERIC RODRIGUEZ and KIMBERLIN RODRIGUEZ, are citizens of the United States. PLAINTIFFS resided in the County of San Mateo, State of California, within the boundaries of Defendant's educational jurisdiction, during all relevant times periods in the underlying case. STUDENT's date of birth is September 30, 1987. STUDENT is currently 19-years old. STUDENT has a Speech-Language Impairment and a Specific Learning Disability and was found eligible for special education and related services during his 3rd-grade year pursuant to IDEA, IDEiA 2004 and Sections 56000, *et seq*. of the California Education Code. STUDENT's eligibility for special-education and related services remained the same throughout the relevant time periods in the underlying case.

/

COMPLAINT                                                                 - 2 -

5. The DISTRICT is a public entity organized and existing under the laws of the State of California, with the capacity to be sued. The DISTRICT receives federal funds from the United States Department of Education pursuant to IDEA and IDEiA 2004, and is required to provide a free and appropriate public education (hereinafter referred to as "FAPE") to all disabled children whose parents reside within the DISTRICT's educational boundaries.

## STATUTORY SCHEME UNDER IDEA

6. IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-142) was adopted in 1975 to ensure that all children with qualifying disabilities receive a public school education. In adopting IDEA, Congress found that over one million disabled children were not receiving an appropriate education, and the "more than one-half of the children with disabilities in the United States did not receive appropriate educational services that would enable such children to have full equality of opportunity...1,000,000 of the children with disabilities in the United States were excluded entirely from the public school system and did not go through the educational process with their peers...there were many children with disabilities throughout the United States participating in regular school programs whose disabilities prevented such children from having a successful educational experience because their disabilities were undetected...because of the lack of adequate services within the public school system, families were often forced to find services outside the public school system, often at great distance from their residence and at their own expense." (20 U.S.C. § 1400(c)(2)(B-E).) Therefore, Congress adopted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." (20 U.S.C. § 1400(d).) Congress reauthorized the IDEA in 2004 and the reauthorized IDEA is known as Individuals with Disabilities Education Improvement Act ("IDEiA").

7. Educational programs for handicapped children are designed and implemented through Individualized Education Programs (IEP)-documents, which contain, among other things, written statements of the following: A specific offer of placement, the child's present levels of educational performances, annual goals, and the specific educational services to be provided to the

COMPLAINT - 3 -