1  child and the extent to which the child will be educated in regular education programs. (20 U.S.C. § 1414(d).)

8. Pursuant to 20 U.S.C. § 1415 (b)(6), whenever a parent disagrees with a proposed individualized education program, for example, the parent may file a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child. Pursuant to 20 U.S.C. § 1415(f)(1), whenever such a complaint has been received, the parent shall have an opportunity for an impartial due process hearing which shall be conducted by the State educational agency. As required by IDEA, California has established an impartial due process hearing procedure through contract with the Office of Administrative Hearings, Sacramento, California. Mediation (at no cost to either party) is offered and encouraged.

## STATEMENT OF RELEVANT FACTS

9. During STUDENT'S ninth-grade school year (the 2002-2003 school year) his mother, KIMBERLIN RODRIGUEZ, requested that District staff change STUDENT'S placement because STUDENT was not benefitting from his education and his disorderly and disruptive behavior was escalating and interfering with his ability to learn in his current placement.

10. During STUDENT's tenth-grade school year, (the 2003-2004 school year), Ms. RODRIGUEZ made several more requests to District staff members that STUDENT be helped in order to benefit from his education. DISTRICT personnel did not take appropriate action with regard to Ms. RODRIGUEZ's requests for a change of program and STUDENT's unique needs.

11. Individualized Education Plan (IEP) team meetings were held On October 4, 2002, May 1, 2003 and on November 13, 2003, wherein inadequate offers of placement and services were made by the DISTRICT to STUDENT. The offers did not address STUDENT's behavioral needs, mental-health needs, speech-language needs and academic needs. In addition, present levels of STUDENT'S performance were not ascertained as required by IDEA, the California Education Code and the prevailing case law. The failure by the District to ascertain STUDENT'S present levels of performance resulted in a denial of FAPE to the STUDENT and a denial of parent participation in

COMPLAINT                                            - 4 -

the IEP process.

12. Due to the DISTRICT's continuous denial of a FAPE, including, but not limited to, the DISTRICT's failure to address STUDENT's behavioral needs, STUDENT was ultimately ordered by the Juvenile Court of San Mateo County to attend a private school. There were two orders following the original order of March 4, 2004, to attend private school issued on May 6, 2004 and on May 11, 2005.

13. At all times relevant, DISTRICT personnel had actual knowledge that STUDENT was ordered to attend a private school pursuant to the Juvenile Court and did nothing to fulfil their duties under the IDEA and California Education Code to offer a disabled student a FAPE.

14. On July 19, 2006, STUDENT requested a Due Process Hearing with the Office of Administrative Hearings, because the District failed to offer and provide STUDENT a free appropriate public education during the 2003-2004, 2004-2005 and 2005-2006 school years.

15. A Due Process Hearing was conducted on December 18th through December 20th, 2006, before Administrative Law Judge, Suzanne B. Brown, of the Office of Administrative Hearings.

16. The issues at hearing were as follows:

1. Did the District deny Student a free appropriate public education (FAPE) from July 19, 2003, through the 2005-2006 school year by failing to:
   a. assess Student's behavioral needs; and
   b. meet Student's unique needs for behavioral and mental health service?

2. Did the District deny Student a FAPE from November 12, 2003, through the 2005-2006 school year by failing to:
   a. have a psychologist attend the November 12, 2003, IEP team meeting;
   b. assess Student in the areas of behavior, speech and language and academics;
   c. provide adequate present levels of performance in the November 12, 2003 IEP in the areas of behavior, speech and language and academics, which denied Student educational opportunity and his

COMPLAINT                              - 5 -

     parent an opportunity to participate in the decision-making process;

  d. include adequate goals in the November 12, 2003, IEP in the areas of behavior, speech and language, academics and mental health which denied Student educational opportunity and his parent an opportunity to participate in the decision-making process; and,

  e. meet Student's unique speech and language needs in the areas of dysfluency, and expressive, receptive and pragmatic language skills?

3. If the District denied Student a FAPE, is the Student's mother entitled to reimbursement for private school placements from March 2004 to June 2006 and related transportation costs?

17. The Administrative Law Judge erroneously found that the District prevailed on all issues raised. Plaintiffs have been aggrieved by the Administrative Law Judge's decision of February 8, 2007, and alleges causes of action as herein below set forth:

### FIRST CAUSE OF ACTION
(20 U.S.C. §1415; Title 34 CFR 300.2; California Education Code §56331)
(Claim For Relief against DISTRICT)

18. Plaintiff realleges paragraphs 1 through 17, inclusive, as set forth above and incorporates the same as if fully set forth herein.

19. The Administrative Law Judge incorrectly determined Issue 1 in the underlying case. The District did, in fact, have a duty to assess STUDENT'S needs in the area of behavior and offer services that would address STUDENT's behavioral and mental-health needs so that ER could benefit from his education.

20. The Administrative Law Judge failed to apply current case law, the IDEA and California Education Code when conducting her legal analysis with regard to the District's duties pursuant to the provisions of the IDEA and the California Education Code and legal precedent in this jurisdiction with regard to STUDENT's areas of disabilities. As a matter of law, Plaintiffs are entitled to a finding that they are the prevailing parties in the underlying Administrative Hearing, and