as such, are entitled to compensatory education and/or reimbursement of all educational costs expended during the relevant time periods and reasonable attorney fees and costs in the underlying Administrative Hearing and this case, pursuant to 20 U.S.C. § 1415.

21. Plaintiffs will suffer grave and irreparable harm for which no other adequate legal remedy exists if the DECISION and ORDER of the Office of Administrative Hearings is not set aside, and specific findings made that are consistent with the provisions of IDEA, the California Education Code and legal precedent in this jurisdiction.

22. Plaintiffs have exhausted all administrative remedies pursuant to 20 U.S.C. § 1415.

## SECOND CAUSE OF ACTION
(Cal. Ed. Code §§ 56341, *et. seq.*; 56345 *et. seq.*; 56342.5 *et. seq.*)
(Claim For Relief against DISTRICT)

23. Plaintiffs reallege paragraphs 1 through 22, inclusive, as set forth above and incorporates the same as if fully set forth herein.

24. The Administrative Law Judge incorrectly determined that the District was not obligated to:

    a. have a psychologist attend the November 12, 2003, IEP team meeting;

    b. assess Student in the areas of behavior, speech and language and academics;

    c. provide adequate present levels of performance in the November 12, 2003 IEP in the areas of behavior, speech and language and academics, which denied Student educational opportunity and his parent an opportunity to participate in the decision-making process;

    d. include adequate goals in the November 12, 2003, IEP in the areas of behavior, speech and language, academics and mental health which denied Student educational opportunity and his parent an opportunity to participate in the decision-making process; and,

    e. meet Student's unique speech and language needs in the areas of dysfluency, and expressive, receptive and pragmatic language skills?

25. The Administrative Law Judge failed to apply prevailing case law, the IDEA, and the California Education Code when conducting his legal analysis with regard to the District's duties

1 under 20 U.S.C. § 1400 et. seq. and the California Education Code.

2     26.    Plaintiffs will suffer grave and irreparable harm for which no other adequate legal remedy exists, if the DECISION and ORDER of the Office of Administrative Hearings is not set aside and specific findings made that are consistent with the provisions of IDEA, the California Education Code and legal precedent in this jurisdiction.

    27.    Plaintiffs have exhausted all administrative remedies pursuant to 20 U.S.C. § 1415.

    28.    Plaintiffs are entitled to a finding that they are the prevailing parties in the underlying Administrative Hearing, and as such, they are entitled to reimbursement of the costs for the educational assessment and attorney fees and costs in the underlying Administrative action and in this case pursuant to 20 U.S.C. § 1415.

### THIRD CAUSE OF ACTION
(20 U.S.C. §1415, Cal. Ed. Code § 56040)
(Claim For Relief against DISTRICT)

    29.    Plaintiffs reallege paragraphs 1 through 28, inclusive, as set forth above and incorporates the same as if fully set forth herein.

    30.    The Administrative Law Judge incorrectly found that the DISTRICT was not obligated to reimburse Plaintiff, KR, all costs expended by her to provide an appropriate education to Plaintiff, ER, during the relevant time periods at issue in the underlying case.

    31.    The Administrative Law Judge failed to apply prevailing case law, the IDEA, and the California Education Code when conducting his legal analysis with regard to the District's duties under 20 U.S.C. § 1400 et. seq. and the California Education Code.

    32.    The District was obligated to STUDENT a free, appropriate public education. The evidence revealed that the District did not offer or provide STUDENT a FAPE from July, 2003, through June, 2006. As a matter of law, Plaintiff is entitled to a finding that he had a right to a FAPE.

    33.    Plaintiffs are, therefore, entitled to a finding that they are the prevailing party in the underlying Administrative Hearing, and as such, PLAINTIFF, KR, is entitled to reimbursement of

COMPLAINT     - 8 -

the costs paid for PLAINTIFF, ER's educational expenses along with reasonable attorney fees and costs pursuant to 20 U.S.C. § 1415 for the underlying Administrative action and this case.

34. Plaintiffs will suffer grave and irreparable harm to which no other adequate legal remedy exists if the DECISION and ORDER of the Office of Administrative Hearings is not set aside and specific findings made that are consistent with provisions of IDEA the California Education Code and legal precedence in this jurisdiction.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. That specific findings be made that are consistent with the provisions of the IDEA, California Education Code, and legal precedent in this jurisdiction including but not limited to, a finding that DISTRICT failed to offer and provide STUDENT with a FAPE for the 2003-2004, 2004-2005 and 2005-2006 school years.

2. For an order that the ADMINISTRATIVE LAW JUDGE'S DECISION, specifically concerning the duties of the District for the time periods of the 2003-2004, 2204-2005 and 2005-2006, school years is set aside and Plaintiff prevails on the issue of the District's failure to comply with relating to their duty to assess Plaintiff;

3. For an order that the District reimburse STUDENT's parent. Plaintiff, KIMBERLIN RODRIGUEZ, all costs expended by her for the private placements and Independent Educational Assessment obtained;

4. For an Order that the HEARING OFFICE's DECISION, specifically concerning the District's offer of placement (IEPs of October, 2002, May, 2003 and November, 2003) be set aside for its failure to provide a FAPE to STUDENT.

5. For an Order that the District reimburse, PLAINTIFF, KR, for educational costs paid from the point in time of the District's failure to offer a FAPE to STUDENT.

6. For reasonable attorney fees and costs as a prevailing party in the underlying administrative action pursuant to 20 U.S.C. §1415 and California Education Code § 56507 (d);

7. For reasonable attorney fees and costs in bringing and prosecuting this appeal pursuant to 20 U.S.C. §1415; and

8. For such other relief as this Court may deem just and proper.

Dated: May 1, 2007

Respectfully submitted,

**LAW OFFICES OF SUSAN FOLEY**

by: *(signature)*
Susan Foley, Attorney for Plaintiffs

COMPLAINT                                    - 10 -