Howard A. Friedman, SBN 61187
hfriedman@fagenfriedman.com
Kimberly A. Smith, SBN 176659
ksmith@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Phone: 323-330-6300
Fax: 323-330-6311

Attorneys for Defendant
San Mateo Union High School District

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC RODRIGUEZ and KIMBERLIN RODRIGUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN MATEO UNION HIGH SCHOOL DISTRICT,<br><br>    Defendant, | CASE NO. C 07-02360 JL<br><br>**ANSWER OF DEFENDANT SAN MATEO UNION HIGH SCHOOL DISTRICT TO PLAINTIFFS' COMPLAINT** |

COMES NOW Defendant SAN MATEO UNION HIGH SCHOOL DISTRICT ("District"), and for itself only, and answers Plaintiffs Eric Rodriguez and Kimberlin Rodriguez' (collectively "Plaintiffs") Complaint as follows:

1.  In response to paragraph 1 of the Complaint, the District admits that Plaintiff's action is brought pursuant to Section 1415(i)(2)(A) of Title 20 of the United States Code, also referred to as the Individuals With Disabilities Education Act ("IDEA"). The District further admits that Plaintiffs initiated Case Number N2006070550 before the Office of Administrative Hearings ("OAH"). The District also admits that OAH issued a Decision and Order on February 8, 2007 which was favorable to the District. Except as specifically admitted, the District denies each and every allegation contained in paragraph 1.

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main: 323-330-6300 • Fax: 323-330-6311

2. In response to paragraph 2 of the Complaint, the District admits the allegations contained therein.

3. In response to paragraph 3 of the Complaint, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiffs' citizenship and denies that particular allegation on that basis. In further response to paragraph 4 of the Complaint, the District admits that "Plaintiffs resided in the County of San Mateo, State of California, within the boundaries of Defendant's educational jurisdiction, during all relevant times periods in the underlying case [;] Student's date of birth is September 30, 1987[;] Student is currently 19-years old [; and Student] "was found eligible for special education and related services during his 3rd grade year pursuant to IDEA." Except as specifically admitted, the District denies the allegations contained in paragraph 4.

5. In response to paragraph 5 of the Complaint, the District admits that it has the capacity to be sued except where an absolute or qualified immunity may apply. The District further admits that it must provide a free and appropriate public education to all children who reside within the geographic boundaries of the District.

6. In response to paragraph 6 of the Complaint, the District notes that it contains no factual averments to which the District must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

7. In response to paragraph 7 of the Complaint, the District notes that it contains no factual averments to which the District must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

8. In response to paragraph 8 of the Complaint, the District notes that it contains no factual averments to which the District must respond and merely sets forth Plaintiff's summary of the law which speaks for itself.

9. In response to paragraph 9 of the Complaint, the District admits that Ms. Rodriguez requested a change in placement. Except as specifically admitted, the District denies each and every allegation contained in paragraph 9.

10. In response to paragraph 10 of the Complaint, the District is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, the District admits that Individualized Educational Plan ("IEP") team meetings were held on October 4, 2002, May 1, 2003, and November 13, 2003. Except as specifically admitted, the District denies the allegations contained in paragraph 11.

12. In response to paragraph 12 of the Complaint, the District admits that the juvenile court, on March 4, 2004, ordered Plaintiff Eric Rodriguez to serve sixty (60) days detention in juvenile hall. Specifically, Plaintiff Eric Rodriguez was ordered to attend the Rocky Mountain Academy at his parents' expense. On May 6, 2004, the Court granted a petition for modification filed by Eric's probation officer asking that Eric attend and complete the C.E.D.U. Program. The C.E.D.U. program closed in March 2005. On March 29, 2005, the juvenile court deleted the order to complete C.E.D.U. program, deleted any stayed time and set the matter for further on June 27, 2005. Eric thereafter attended the Mt. Bachelor Academy in Oregon. Except as specifically admitted, the District denies each and every allegation contained in paragraph 11.

13. In response to paragraph 13 of the Complaint, the District denies each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, the District admits that Student requested a due process hearing with the Office of Administrative Hearings on July 16, 2006. Except as specifically admitted, Defendant denies each and every allegation contained in paragraph 14.

15. In response to paragraph 15 of the Complaint, the District admits the allegations contained therein.

ANSWER OF DEFENDANT SAN MATEO UNION HIGH SCHOOL DISTRICT
TO PLAINTIFFS' COMPLAINT

16. In response to paragraph 16 of the Complaint, the District admits the allegations contained therein.

17. In response to paragraph 17 of the Complaint, the District denies each and every allegation contained in paragraph 17.

FIRST "CAUSE OF ACTION"

(20 U.S.C. §1415; Title 34 CFR 300.2; California Education Code §56331)

18. In response to paragraph 18 of the Complaint, the District realleges paragraphs 1 through 17, inclusive, as set forth above and incorporates the same as though fully set forth herein.

19. In response to paragraph 19 of the Complaint, the District denies each and every allegation contained in paragraph 19.

20. In response to paragraph 20 of the Complaint, the District denies each and every allegation contained in paragraph 20.

21. n response to paragraph 21 of the Complaint, the District denies each and every allegation contained in paragraph 21.

22. In response to paragraph 22 of the Complaint, the District admits that Plaintiffs have exhausted all administrative remedies as to those issues addressed at the due process hearing, as referenced in paragraphs 15 and 16 of the Complaint. Except as specifically admitted, the District denies each and every allegation contained therein.

SECOND "CAUSE OF ACTION"

(Cal.Ed.Code §§56341, *et seq.;* 56345 *et. seq.*; 56342.5 *et seq.*)

23. In response to paragraph 23 of the Complaint, the District realleges paragraphs 1 through 22, inclusive, as set forth above and incorporates the same as though fully set forth herein.

24. In response to paragraph 24 of the Complaint, the District denies each and every allegation contained in paragraph 24.

25. In response to paragraph 25 of the Complaint, the District denies each and every allegation contained in paragraph 25.

26. In response to paragraph 26 of the Complaint, the District denies each and every allegation contained in paragraph 26.

ANSWER OF DEFENDANT SAN MATEO UNION HIGH SCHOOL DISTRICT
TO PLAINTIFFS' COMPLAINT

27. In response to paragraph 22 of the Complaint, the District admits that Plaintiffs have exhausted all administrative remedies as to those issues addressed at the due process hearing, as referenced in paragraphs 15 and 16 of the Complaint. Except as specifically admitted, Defendant denies each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, the District denies each and every allegation contained in paragraph 28.

### THIRD "CAUSE OF ACTION"
(20 U.S.C. § 1415, Cal.Ed.Code §56040)

29. In response to paragraph 29 of the Complaint, the District realleges paragraphs 1 through 28, inclusive, as set forth above and incorporates the same as though fully set forth herein.

30. In response to paragraph 30 of the Complaint, the District denies each and every allegation contained in paragraph 30.

31. In response to paragraph 31 of the Complaint, the District denies each and every allegation contained in paragraph 31.

32. In response to paragraph 32 of the Complaint, the District that it must provide a free and appropriate public education to all children who reside within the geographic boundaries of the District. Except as specifically admitted, Defendant denies the allegations contained in paragraph 32.

33. In response to paragraph 33 of the Complaint, the District denies each and every allegation contained in paragraph 33.

34. In response to paragraph 34 of the Complaint, the District denies each and every allegation contained in paragraph 34.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
**(Failure to State A Claim)**

35. Plaintiffs' First "Cause of Action" under the IDEA, federal regulations, and the California Education Code fails to state a claim upon which relief may be granted against the District.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

36. Plaintiffs' Second "Cause of Action" under the California Education Code fails to state a claim upon which relief may be granted against the District.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

37. Plaintiffs' Third "Cause of Action" under the IDEA and California Education Code fails to state a claim upon which relief may be granted against the District.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

38. Plaintiffs' claims are barred from relief under the Complaint by operation of the applicable statute[s] of limitations.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

39. Plaintiffs are barred from relief under the Complaint as to any claim which was not addressed by the administrative law judge, based on their failure to fully exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

### (Discharge of Obligations)

40. Plaintiffs are barred from relief under the Complaint because, prior to the commencement of this action, the District paid, satisfied or otherwise discharged all duties and obligations owed to Plaintiff under applicable federal and state laws including the IDEA and/or the California Education Code.

## SEVENTH AFFIRMATIVE DEFENSE

### (Damages Not Recoverable)

41. Plaintiffs' Complaint seeks damages not properly recoverable against the District.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Estoppel, Unclean Hands)

42. Plaintiffs are barred from relief under the Complaint by the equitable doctrines of laches, waiver, estoppel and/or unclean hands from asserting the claims alleged in the Complaint against the District.

## NINTH AFFIRMATIVE DEFENSE

### (Immunity and Privilege)

43. Plaintiffs are barred from asserting the claims alleged in the Complaint against the District as District's actions were, at all times, privileged, immune, justified, made in good faith and/or otherwise lawful.

## TENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

44. Plaintiffs have had, and continue to have, the ability and opportunity to mitigate the damages alleged in the Complaint and have failed to take reasonable and necessary steps to mitigate same.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Prevailing Party)

45. Plaintiffs are not entitled to an award of attorneys fees against the District as they was not the prevailing party in the underlying due process proceeding and the District prevailed on all significant issues in the underlying action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Other Defenses)

46. The District presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. The District therefore reserves the right to assert additional affirmative defense in the event discovery indicates it would be appropriate.

**PRAYER**

WHEREFORE, the District prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That Plaintiffs' Complaint be dismissed with prejudice;

3. That District recover its attorney's fees and expenses incurred herein;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

DATED: July 2, 2007                FAGEN FRIEDMAN & FULFROST, LLP


By:  /s/ Kimberly A. Smith
     Kimberly A. Smith
     Attorneys for Defendant San Mateo Union High
     School District