1  Susan Foley, SBN 234319
   susanfoley@aol.com
2  LAW OFFICES OF SUSAN FOLEY
   3242 Countryside Drive
3  San Mateo, CA 94403
   Phone: 650-345-2300
4  Fax: 650-345-2302

5  Attorney for Plaintiffs ERIC RODRIGUEZ
   and KIMBERLIN RODRIGUEZ
6
   Howard A. Friedman, SBN 61187
7  hfriedman@fagenfriedman.com
   Kimberly A. Smith, SBN 176659
8  ksmith@fagenfriedman.com
   FAGEN FRIEDMAN & FULFROST, LLP
9  6300 Wilshire Boulevard, Suite 1700
   Los Angeles, California 90048
10 Phone: 323-330-6300
   Fax: 323-330-6311
11
   Attorneys for Defendant SAN MATEO
12 UNION HIGH SCHOOL DISTRICT

13

14            UNITED STATES DISTRICT COURT

15   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

16

17 ERIC RODRIGUEZ and KIMBERLIN          CASE NO. C 07-02360 PJH
   RODRIGUEZ,
18                                        **JOINT CASE MANAGEMENT
                Plaintiff,                STATEMENT**
19
        vs.
20                                        [Northern District of California Civil Local
   SAN MATEO UNION HIGH SCHOOL           Rule 16-9]
21 DISTRICT,

22              Defendant,

23

24       Pursuant to Northern District of California Civil Local Rule 16-9, Plaintiffs ERIC

25 RODRIGUEZ and KIMBERLIN RODRIGUEZ ("Plaintiffs) and defendant SAN MATEO

26 UNION HIGH SCHOOL DISTRICT ("District") hereby submit their joint case management

27 statement in this matter.

28

                                                      C 07-02360 PJH

## 1.    JURISDICTION AND SERVICE

This case arises under the Individuals with Disabilities Education Act ("IDEA"), Section 1400 et seq. of Title 20 of the United States Code.  The Court therefore has federal question subject matter jurisdiction pursuant to Section 1331 of Title 28 of the United States Code. Defendant District has been served and filed an answer in this action.

## 2.    FACTS

Plaintiffs have filed this lawsuit as an appeal from the decision of an administrative law judge ("ALJ") in a special education administrative "due process" hearing, conducted at the Office of Administrative Hearings ("OAH"), pursuant to the IDEA.  *See generally* 20 U.S.C. §§ 1400 *et seq*.

Plaintiff Eric Rodriguez is a former student in the San Mateo Union High School District ("District").  Plaintiff Eric Rodriguez was found eligible for special education and related services during his third grade year.

On March 4, 2004, the San Mateo County Juvenile Court ordered plaintiff Eric Rodriguez to serve sixty (60) days detention in juvenile hall.  This juvenile court then stayed the order and ordered Eric to attend the Rocky Mountain Academy at his parents' expense.  On May 6, 2004, the Court granted a petition for modification filed by Eric's probation officer asking that Eric transfer to and the C.E.D.U. Program.  The C.E.D.U. program closed in March 2005.  On March 29, 2005, the juvenile court deleted the order to complete C.E.D.U. program, deleted any stayed time and set the matter for further hearing on June 27, 2005.  Following that hearing, the juvenile court ordered Eric to attend the Mt. Bachelor Academy in Oregon.

On July 19, 2006, Plaintiffs filed for due process with OAH.  Specifically, Plaintiffs contended that the District had failed to provide Eric a free and appropriate public education ("FAPE") as an eligible student under the IDEA.  Plaintiffs further contended that the District was required to reimburse them for the Rocky Mountain Academy, C.E.D.U. and the Mt. Bachelor Academy.

At due process, the District contended that it had fully provided Eric FAPE while he was in attendance in the District.  The District further contended that it was not required to pay for the placements ordered by the juvenile court.

The parties attended a three day hearing on December 18, 19 and 20, 2006. On February 8, 2007, ALJ Brown issued a decision finding in the District's favor on all issues.  Plaintiffs subsequently filed the present appeal.

3.    **LEGAL ISSUES**

Plaintiffs assert three claims in this lawsuit.  In Count I, Plaintiffs allege that the ALJ erroneously found that the District did not deny Plaintiff Eric Rodriguez a free appropriate public education ("FAPE") from July 19, 2003, through the 2005-06 school year as a result of a failure to assess Plaintiff Eric Rodriguez' behavioral needs and meet his unique needs for behavioral and mental health services.  In Count II, Plaintiffs allege that the ALJ erroneously found that the District did not deny Plaintiff Eric Rodriguez a FAPE from November 12, 2003, through the 2005-06 school year as a result of a failure to: 1) have a psychologist at the November 12, 2003 IEP team meeting; 2) assess Plaintiff Eric Rodriguez in the areas of behavior, speech and language, and academics; 3) provide adequate present levels of performance in the November 12, 2003 IEP in the areas of behavior, speech and language and academics; 4) include adequate goals in the November 12, 2007 IEP in the areas of behavior, speech and language, academics and mental health; and 5) meet Plaintiff Eric Rodriguez unique speech and language needs in the areas of dysfluency, and expressive, receptive and pragmatic language skills.  Finally, in Count III Plaintiffs allege that the ALJ improperly determined that the District did not deny Eric a FAPE; therefore, Plaintiff's allege that the ALJ also erroneously denied Plaintiff Kimberlin Rodriguez reimbursement for private school placements from March 2004 to June 2006 and related transportation costs due to the district's denial of a FAPE to Eric.  Plaintiffs believe that the ALJ failed to take into consideration facts established at the hearing and apply current case law, the IDEA, and the California Education Code in the underlying due process decision and, therefore, the decision should be reversed.

The District contends that the ALJ properly determined that: 1) Plaintiffs failed to establish that the District denied plaintiff Eric Rodriguez a FAPE, and 2) plaintiff Kimberlin Rodriguez is not entitled to reimbursement for the private school placements or related transportation costs. The District seeks to have the Court uphold the decision of the ALJ.

**4.     MOTIONS**

There are no prior or pending motions between Plaintiffs and the District.  Plaintiffs intend to file a Motion for Summary Judgment to reverse the decision of the ALJ.  The District will oppose the motion and request that the Court uphold the ALJ's decision.

**5.     AMENDMENT OF PLEADINGS**

The parties currently have no plans to amend the pleadings to add or dismiss parties, claims or defenses from this action.

**6.     EVIDENCE PRESERVATION**

This case is proceeding as an appeal from an administrative decision and the parties will not seek to supplement the administrative record.  Plaintiffs will obtain a certified transcript of the underlying administrative "due process" proceeding and lodge the record with the Court.

**7.     DISCLOSURES**

The parties certify that they have discussed the requirements of Federal Rules of Civil Procedure, Rule 26(a), with respect to initial disclosures.  Because all relevant documents are contained in the administrative record and the parties do not intend to supplement the record, no initial disclosures are required.  Fed.R.Civ.Proc 26(a)(I)(E)(i).

**8.     DISCOVERY**

The parties have not conducted any discovery to date and do not intend to conduct any discovery.

**9.    CLASS ACTIONS**

At present, this matter is not proceeding as a class action.

**10.    RELATED CASES**

There are no active related cases.

**11.    RELIEF**

Plaintiffs seek to have the underlying administrative decision reversed in its entirety, including an award of compensatory education and/or reimbursement as this Court sees fit. Plaintiff further seeks recovery of all reasonable attorneys fees and costs pursuant to the IDEA (20 U.S.C. § 1415(i)(3)(B)) and the California Education Code section 56507(b)(1).

The District seeks a decision from the Court upholding the administrative decision in its entirety.

**12.    SETTLEMENT AND ADR**

The parties would like to participate in a settlement conference with a magistrate judge.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The District does not consent to the reassignment of this case to a magistrate judge for all purposes.

**14.    OTHER REFERENCES**

The parties do not believe that this matter is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties believe they may be able to stipulate to certain facts in the administrative record and will work to do so prior to any briefing on the issues.

**16.    EXPEDITED SCHEDULE**

The parties believe that this case does not warrant an expedited schedule.

**17.    SCHEDULING**

The parties propose the following dates for this matter:

| Action | Proposed Completion |
|---|---|
| Plaintiffs' Motion and/or Cross-Motions for Summary Judgment filed | January 29, 2008 |
| Opposition(s) to Motion(s) for Summary Judgment filed | February 29, 2008[1] |
| Reply(ies) for Motion(s) for Summary Judgment filed | March 19, 2008 |
| Hearing on Motion(s) for Summary Judgment | April 2, 2008 |
| Pretrial Conference | April 23, 2008[2] |
| Trial | May 15, 2008 |

**18.    TRIAL**

Plaintiffs have not requested a jury trial in this matter.  The expected length of trial is one day.

/ / /

/ / /

/ / /

_____

[1] Given the complex and detailed work necessary in discussing an administrative record from a three (3) day hearing, the parties seek additional briefing time than what is usually provided by Northern District of California Civil Local Rule 7.

[2] The parties have listed dates for a pretrial conference and trial in order to provide the Court with a complete schedule.  However, the parties believe that the Court can completely dispose of this case through the motion for summary judgment process.

C 07-02360 PJH

1    **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2         Pursuant to Local Rule 3-16, the undersigned attorney for Plaintiffs certifies that as of this

3    date, other than the named parties, there is no such interested party to report.

4         As a public agency, the Defendant in this action is not required to file the "Certification of

5    Interested Entities or Person" called for in Civil Local Rule 3-16.

6
     DATED: August 1, 2007              LAW OFFICES OF SUSAN FOLEY
7

8

9                                       By:   /s/ Susan Foley

10                                            Susan Foley
                                              Attorneys for Plaintiffs Eric Rodriguez and
11                                            Kimberlin Rodriguez

12   DATED: August 1, 2007              FAGEN FRIEDMAN & FULFROST, LLP

13

14                                      By:   /s/ Kimberly A. Smith

15                                            Kimberly A. Smith
                                              Attorneys for Defendant San Mateo Union High
16                                            School District

17         I, KIMBERLY A. SMITH, am the ECF User whose ID and password are being used to file

18   this JOINT CASE MANAGEMENT STATEMENT.  In compliance with General Order 45, X.B.,

19   I hereby attest that SUSAN FOLEY has concurred in this filing.

20   DATED: August 1, 2007              FAGEN FRIEDMAN & FULFROST, LLP

21

22                                      By:   /s/ Kimberly A. Smith

23                                            Kimberly A. Smith
                                              Attorneys for Defendant San Mateo Union High
24                                            School District
     00210.00104/36046.1
25

26

27

28