Susan Foley   SB 234319
LAW OFFICES OF SUSAN FOLEY
3242 Countryside Drive
San Mateo, CA  94403
Tel: (650) 345.2300
Fax: (650) 345.2302

Attorney for Plaintiffs,
ERIC RODRIGUEZ and
KIMBERLIN RODRIGUEZ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RODRIGUEZ and KIMBERLIN RODRIGUEZ<br><br>Plaintiffs,<br><br>vs.<br><br>SAN MATEO UNION HIGH SCHOOL DISTRICT,<br><br>Defendant. | CASE NO.   C 0702360 PJH<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>DATE:  April 9, 2008<br>TIME:  9:00 A.M.<br>COURTROOM:  3, 17th Floor |

Plaintiffs, Eric Rodriguez (hereinafter referred to as "Student" or "Eric" or "Plaintiff") and Kimberlin Rodriguez, (hereinafter referred to as "Plaintiff" or "Mother") hereby submit their reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

1

1  All children, that are disabled, pursuant to the Individuals with Disabilities Education Act
2  and the California Education Code, who are residing within the San Mateo Union High School
3  District are entitled to a free, appropriate public education provided by the District.  At all times
4  at issue in this case, ERIC was a disabled student residing within the District's jurisdictional
5  boundaries.  At the time that ERIC was placed on probation with the San Mateo County Juvenile
6  Court and ordered to reside with his mother, the District ignored his educational needs, thereby
7  denying his entitlement to a free, appropriate public education.  The District was in no way
8  relieved of its obligation to provide ERIC a FAPE simply because he was made a ward of the
9  Court.  Plaintiffs acknowledge that if ERIC had been incarcerated, then the San Mateo County
10 Office of Education would have been responsible for providing ERIC with FAPE.  ERIC was
11 never incarcerated and was, at all times, a resident within the District.  Although the District
12 acted as if they had no obligation to offer and provide ERIC with a FAPE, at all times, they were
13 required to provide ERIC with a FAPE.

14

15 **THERE ARE NO ADMINISTRATIVE REMEDIES TO EXHAUST WITH REGARD TO ERIC'S STATUS AS A WARD OF THE JUVENILE COURT**

16 Defendant's raise, for the first time, in its Opposition to Plaintiff's Motion for Summary
17 Judgment, that Plaintiffs failed to exhaust their administrative remedies as to whether or not
18 Plaintiff was adjudicated a ward of the San Mateo County Juvenile court.  Plaintiff, ERIC
19 RODRIGUEZ's status as a ward of the court as of March, 2004, was proven at the
20 Administrative Hearing.  The Administrative Law Judge (ALJ) noted ERIC's status as a ward of
21 the court in her factual determinations at Fact Number 11 on page 4 of the Decision. (AR 00993
22 - 01015.)
23 Defendant's contention, raised for the first time in its Opposition to Plaintiff's Motion for
24 Summary Judgment, appears to be an effort to confuse this Court into an unnecessary remand
25 order for the purpose of delaying a final judgment on the issues since there are no administrative
26
27
28

1  remedies to exhaust on the fact of ERIC's status as a ward of the juvenile court.

2      At all times at issue in this case, ERIC was a resident within the jurisdictional boundaries of the San Mateo Union High School District.  ERIC was never incarcerated.

    All children, that are disabled, pursuant to the Individuals with Disabilities Education Act and the California Education Code, who are residing within the San Mateo Union High School District are entitled to a free, appropriate public education provided by the District.

    ERIC had been identified as a student with a disability during his 3rd grade year and had an Individualized Education Plan since that time.  Defendant's offered IEPs were deficient and did not provide a free, appropriate public education (FAPE) to ERIC from the time that he came under defendant's jurisdiction in 9th grade in August of 2002.  ERIC is entitled to compensatory educational services reaching back three (3) years from the time that he filed his request for hearing on July 19, 2006.  ERIC is entitled to compensatory educational services from July, 19, 2003, through the time that he graduated from high school in June, 2006.  Defendant not only denied ERIC a FAPE from July, 2003, through the time he was court ordered to attend private schools and thereafter.  The District never provided ERIC a FAPE and when he was put on probation, the District washed their hands of his educational needs.

**THE JUVENILE COURT DETERMINED THAT ERIC'S PLACEMENT WITHIN THE DISTRICT WAS NOT APPROPRIATE**

    Within the time period at issue, July, 2003, through June, 2006, ERIC was a resident of the City of San Mateo.  The Juvenile Court determined that ERIC's placement within the district was not appropriate and ordered him to attend private schools.  ERIC's probation officer noted on her summary of findings that there were no appropriate public or private placements in the local area (AR 01296.)  The Juvenile Court adopted those findings when it made its Orders.  Although the Juvenile Court, by its Orders, determined that the Court-Ordered placements were appropriate, Plaintiff proved, during the Administrative Hearing, that the private placements

were appropriate and that ERIC's academic, behavioral, emotional and social needs were met within the private placements. ERIC made progress in his areas of needs, earned credits toward his high school diploma and graduated from high school.

There is nothing that Defendant can say, that changes any of the facts that render the San Mateo Union High School District liable for ERIC's education from July, 2003, through his graduation in June, 2006. ERIC was a resident within the SMUHSD jurisdictional boundaries at all times at issue in this case. ERIC was never incarcerated.

ERIC was entitled to an IEP that allowed him to benefit from his education from July, 2003, through June, 2006. The district did not provide a FAPE via an IEP from July, 2003, through June, 2006. At the time that ERIC was court-ordered to private educational placements, he was a resident within the SMUHSD's boundaries. The district was aware he was being placed by the Juvenile Court prior to the court-ordered placements. The district did not make an offer of FAPE despite the district's awareness that he was being ordered to an alternative school. The district could have, and should have, convened an IEP team meeting, to include ERIC's probation officer, and offered a FAPE. The district, instead, completely ignored their student and his educational needs. The district's conduct resulted in a denial of a FAPE to Eric.

The juvenile court-ordered ERIC's mother to fund the private placement. The juvenile court did not state, and could not state, that Plaintiffs could not seek redress from the district. Although the juvenile court orders mandating that ERIC attend private educational placements are final, they do not prohibit ERIC and his mother from seeking compensatory education, in any form, from the SMUHSD.

ERIC and KIMBERLIN RODRIGUEZ are entitled to the equitable remedy of compensatory education for the time period of July, 2003, through March, 2004. This time period is when ERIC was attending a District high school, with an inadequate IEP that was not calculated to provide him educational benefit and, in fact, did not provide him with any educational benefit. The only equitable remedy that will compensate ERIC for the district's

1  failure to provide a FAPE is for the District to reimburse ERIC's mother the costs incurred for
2  educational services from March, 2004, the time when ERIC and his mother began to incur costs
3  associated with his education.
4      ERIC was also entitled to an offer of FAPE from March, 2004, through the time that he
5  graduated from High School in June, 2006.  The Juvenile Court determined that there were no
6  appropriate public or private educational placement for ERIC during this time period (AR
7  01296.)   Since ERIC was a resident of the District during this time period and not incarcerated,
8  he was entitled to an offer of a FAPE.  The District simply ignored him during this time period.
9  In order to compensate ERIC for the lack of an offer of FAPE during this time period, the
10 District should reimburse ERIC's mother for all costs incurred to provide ERIC an appropriate
11 education.
12     Plaintiffs request an Order from this Court that the District reimburse KIMBERLIN
13 RODRIGUEZ all costs that she incurred associated with the educational placements she
14 provided to ERIC from March, 2004.
15
16 DATED:     March 19, 2008
17                                    **LAW OFFICES OF SUSAN FOLEY**
18
19
20           By_____/s/_____
             SUSAN FOLEY
             Attorney for Plaintiffs
21
22
23
24
25
26
27                              5
28